IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SABRINA VICKERS ) | |
| ) | Civil Action No. |
|    Plaintiff, ) | |
| v. ) | |
| ) | |
| WASTE USA, INC. ) | JURY TRIAL DEMANDED |
| ) | |
|    Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Sabrina Vickers ("Plaintiff" or "Vickers"), through undersigned counsel, and files this lawsuit against Defendant Waste USA, Inc. ("Defendant" or "Waste USA"), and for her Complaint shows the following:

### I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

5.

Plaintiff was employed by Defendant from March 1, 2008 to February 2, 2016.

6.

Plaintiff and Defendant entered into a tolling agreement to discuss potential resolution of Plaintiff's claims. The tolling agreement, and subsequent extension of same by agreement of the parties, tolled the statute of limitations for Plaintiff's FLSA claims for the period of May 5 through June 14, 2016.

7.

From May 5, 2013 – February 2, 2016 (the relevant statutory period for Plaintiff's FLSA claims), Plaintiff was employed as a "customer service" worker and paid on an hourly basis.

8.

From May 5, 2013 – February 2, 2016 (hereinafter referred to as the "statutory period"), Plaintiff was non-exempt from the overtime requirements of the FLSA.

9.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

10.

In addition to Plaintiff's hourly pay, Defendant paid Plaintiff a monthly flat fee for handling on-call work outside of Plaintiff's regularly scheduled work hours.

11.

Plaintiff regularly performed significant compensable work during her on-call periods throughout the statutory period.

12.

The flat fee for on-call work provided by Defendant routinely failed to provide Plaintiff with time and a half her regular rate for hours worked over 40 in given workweeks throughout the statutory period.

13.

Throughout the statutory period, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for some of her hours worked over (40) in such weeks.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Throughout the statutory period, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

16.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

Throughout the statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiff.

19.

Plaintiff is entitled to overtime pay for the hours she worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29

U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

20.

Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks and was not paid the overtime wage differential in given workweeks during the statutory period.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

24.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

25.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

27.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

28.

Defendant's violations of the FLSA were willful and in bad faith.

29.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

This 15th day of June, 2016.

**BARRETT & FARAHANY**

<u>/s/ V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff Sabrina Vickers

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile